**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 12:07 PM August 27, 2013**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| MARTIN L. MYERS, ) | CASE NO. 11-61426 |
| ) | |
| Debtor. ) | ADV. NO. 13-6063 |
| ) | |
| ANTHONY J. DEGIROLAMO, ) | JUDGE RUSS KENDIG |
| ) | |
| Plaintiff, ) | **MEMORANDUM OF OPINION (NOT** |
| v. ) | **INTENDED FOR PUBLICATION)** |
| ) | |
| DOUBLE M. LTD, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Now before the court is Defendant James E. Arnold & Associates, LPA's ("Defendant") motion to dismiss ("motion"), filed on June 14, 2013.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## FACTS

On April 26, 2013, Plaintiff filed a complaint seeking to avoid two transfers made by Debtor to Defendant pursuant to 11 U.S.C. § 547(b). Plaintiff asserts that Debtor transferred $200,000.00 from his personal bank account via check to Defendant for the payment of legal fees and expenses on March 3, 2011. Plaintiff further asserts that Debtor transferred, on March 25, 2011, $200,000.00 from his personal account into a bank account owned by Double M.[1] Then on March 29, 2011, Debtor caused Double M to transfer $200,000.00 from its account to Defendant via check. This check was returned for insufficient funds on March 30, 2011, but was resubmitted for payment and paid on April 5, 2011.

Plaintiff's complaint also seeks to disallow Defendant's proof of claim in the amount of $250,644.44 since Defendant is a transferee of transfers avoidable under § 547(b) and has not paid the amount or turned the property over.

Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) arguing that the complaint fails to state a claim upon which relief may be granted. Specifically, Defendant argues that Plaintiff's theory is fatally defective because the Court has already ruled that the assets of Double M are not part of the bankruptcy estate. Defendant also argues that the complaint fails to plead facts necessary to pierce the corporate veil and, even if pled appropriately, Ohio law rejects the doctrine of the reverse piercing of the corporate veil.

Plaintiff opposes Defendant's motion to dismiss. First, Plaintiff argues that the complaint references two transfers, only one of which involved Double M. Even if Defendant succeeds on his arguments regarding Double M, the motion to dismiss would not be dispositive regarding the transfer directly from Debtor to Defendant. Second, Plaintiff argues that his use of the phrase "alter ego" is not meant to pierce the corporate veil, but rather uses the phrase to describe Double M as a second self of Debtor. Plaintiff also argues that even if the alter ego doctrine is examined, Ohio law recognizes it as a distinct doctrine. Finally, Plaintiff argues that the issues decided in the Court's previous orders regarding Double M are not synonymous with the issue here.

Defendant alters its argument slightly in its reply. Defendant argues that the motion to dismiss applies to the transfer directly from Debtor to Defendant on the basis that the complaint provides no support that the source of these were transferred from Debtor's personal account and does not rebut the possibility that the funds originated from sources other than Debtor. With respect to the second transfer, Defendant asserts that the complaint does not meet the heightened pleading standards. Further, Plaintiff must first avoid the transfer from Debtor to Double M before Plaintiff can recover any funds from Defendant.

## LAW AND ANALYSIS

To avoid dismissal under Rule 12(b)(6), a complaint must "contain sufficient factual

---

[1] Double M is a company of which Debtor is the sole member.

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). The reviewing court accepts the allegations as not only true, but also views them in the light most favorable to the plaintiffs. Gold v. Deloitte & Touche LLP (In re NM Holdings Co., LLC), 622 F.3d 613, 618 (6th Cir. 2010) (citation omitted).

11 U.S.C. § 547(b) provides that:

[T]he trustee may avoid any transfer of an interest of the debtor in property—(1) to or for the benefit of a creditor; (2) for or on account of antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made—(A) on or within 90 days before the date of the filing of the petition; … and (5) that enables such creditor to receive more than such creditor would receive if—(A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Trustee's complaint sets forth allegations, which when viewed in the light most favorable to Trustee, are sufficient to state a claim for relief pursuant to 11 U.S.C. § 547(b) and § 502(d).

With respect to the transfer from Debtor's personal account to Defendant, the facts set forth in Trustee's complaint, when accepted as true and in the light most favorable to Trustee, are sufficient to state a claim for relief pursuant to 11 U.S.C. § 547(b) and § 502(d). Defendant argues that Trustee did not produce any evidence to support the transfers were made from Debtor's personal account to Defendant and that the originating source of the funds was Debtor. Trustee set forth in the complaint that on or about February 22, 2011, Debtor transferred by check number 9522 the amount of $200,000.00 from his personal PNC bank account to Defendant. Trustee asserts that the transfer was to pay legal fees and expenses owed to Defendant for representation of Debtor in another legal matter.

When these facts are accepted as true, Trustee has set forth a claim that survives a Rule 12(b)(6) challenge. Trustee asserts that a transfer occurred, that the transfer benefited Defendant, and that the transfer was on account of an antecedent debt. Additionally, Trustee asserts that the transfer occurred within ninety (90) days of the petition date during the time period when Debtor was presumptively insolvent. Further, Trustee asserts the transfer caused Defendant to receive more than it would have received under chapter 7 given the estate assets liquidated to date and the funds expected to be recovered. Thus, the Court will not dismiss Trustee's claim regarding the transfer from Debtor's personal account to Defendant.

With respect to the transfer from Debtor to Double M to Defendant, Defendant argues that Trustee's argument is fatally defective because it utilizes the alter ego and reverse piercing theories that are not recognized under Ohio law. Further, Defendant argues that Trustee has not established the elements for a corporate veil piercing claim. Trustee argues that his use of the phrase "alter ego" is employed to describe the relationship between Debtor and Double M.

3

Trustee does not use the phrase to request remedial relief based upon the alter ego theory.

The Court finds that the facts set forth by Trustee with respect to the transfer from Debtor to Double M to Defendant are sufficient to state a claim for relief pursuant to 11 U.S.C. § 547(b) and § 502(d). Trustee asserts that a transfer occurred, that the transfer benefited Defendant, and that the transfer was on account of an antecedent debt. Additionally, Trustee asserts that the transfer occurred within ninety (90) days of the petition date during the time period when Debtor was presumptively insolvent. Further, Trustee asserts the transfer caused Defendant to receive more than it would have received under chapter 7 given the estate assets liquidated to date and the funds expected to be recovered.

The crux of Defendant's argument is that Debtor's transfer of the funds to Double M before payment to Defendant changes the nature of the transfer. The Court does not agree. Trustee asserts facts that, if proven, establish that Debtor operated Double M as his own alter ego by use of his own social security number for Double M purposes and as the sole member of Double M. Trustee is not seeking to utilize Ohio law to establish that Double M is liable for Debtor's actions. Rather, Trustee argues that Debtor used Double M's account to funnel his personal funds to Defendant. Thus, Trustee sets forth facts that when viewed in the light most favorable to Trustee establish that Debtor transferred funds to Double M to pay Defendant on his behalf.

Even if the Trustee argued for use of Ohio law to establish his § 547(b) claim, this Court follows Brennan v. Slone (In re Fisher), 296 Fed. Appx. 494, 505 (6th Cir. 2008), which recognizes that veil piercing and alter ego concepts are different and sets forth the factors to establish the alter ego theory and disregard the corporate fiction. *See* United States Trustee v. Kandel (In re Kandel), Case No. 11-62597, Adv. No. 12-6003, 2013 Bankr. LEXIS 320 (Jan. 25, 2013). Trustee argues in the alternative to have met the factors established in Fisher, but Trustee is not relying on Ohio law.

Defendant also argues that Trustee must first avoid Debtor's transfer to Double M before Trustee can recover any funds from Double M to Defendant. This argument is moot because Trustee, in this adversary, has sued Double M as well as Defendant. Any avoidance that must occur procedurally before recovery will occur, if necessary, through this adversary proceeding.

Finally, Defendant argues that this Court previously entered two orders that ruled that the assets of Double M are not part of the bankruptcy estate. Trustee argues these orders do not address the issue presented. As Trustee notes, one order (Doc. #262) dealt with a proposed sale of Double M's real property and Trustee agreed to hold the proceeds separate from the funds of the bankruptcy estate. The other order (Doc. #401) established that it could not issue an order authorizing a sale of Double M real property because the sale was done by notice, not motion, and because Double M is a non-debtor company.

The Court finds that these orders are not dispositive on the issue presented in the instant matter. Neither order addressed Double M as an alter ego of Debtor and Debtor's use of Double M's bank account to funnel his own funds to Defendant. Trustee is not alleging that Double M's

4

funds were used to pay Defendant, but rather that Debtor transferred his own funds to Double M. Therefore, the orders previously entered do not foreclosure Trustee's claims.

An appropriate order will be entered simultaneously with this memorandum of opinion.

#   #   #

**Service List:**

Chrysanthe E Vassiles
Black McCuskey Souers and Arbaugh
220 Market Ave., South, Suite 1000
Canton, OH 44702

Timothy A Riedel
Bailey Cavalieri LLC
10 W Broad St
1 Columbus
#2100
Columbus, OH 43215-3418